UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN DWAYNE DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>KEN CLARK, et al.,<br><br>Defendants. | No. 1:25-cv-00229-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION<br><br>(ECF Nos. 8, 9) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Plaintiff's complaint in this action was filed on February 21, 2025. (ECF No. 1.)

On March 26, 2025, the Court screened the complaint, found that Plaintiff failed to state a cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 8.)

Plaintiff failed to file an amended complaint or otherwise respond to the March 26, 2025 order. Therefore, on May 5, 2025, the Court issued an order for Plaintiff to show cause why the action should not be dismissed. (ECF No. 9.) Plaintiff has failed to respond to the order to show cause and the time to do so has now passed. Accordingly, dismissal of the action is warranted.

1

# I.

# SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

///
///
///
///

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff names warden Ken Clark, officer J. Oehlert, officer M. Romero, and officer D. Hernandez, as Defendants.

The staff at the Substance Abuse Treatment Facility and State Prison, Corcoran (SATF) have exploited Plaintiff's personal information, spit and put laxatives in his food, and used some type of computer experiment on him.

Several items of Plaintiff's personal property were destroyed for no reason.

Prison officials "ripped" up Plaintiff's mail, including money orders and personal mail was thrown away.

## III.

## DISCUSSION

### A.     Exhaustion of Administrative Remedies

On the form complaint, as to Claims II and III, Plaintiff checks the box "no" in response to the question whether he submitted an appeal to the highest level of review.  (ECF No. 1 at 4-5.) Plaintiff states, "Because this is my first time going threw [sic] this I did not know how to at first."  (Id. at 4.)

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion is a condition precedent to filing a civil rights claim. Woodford v. Ngo, 548 U.S. 81, 93 (2006); see also McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not.  The actual statute makes exhaustion a precondition to suit." (citations omitted)).  The exhaustion requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002).  Further, the nature of the relief sought by the

1  prisoner or the relief offered by the prison's administrative process is of no consequence. Booth
2  v. Churner, 532 U.S. 731, 741 (2001).  And, because the PLRA's text and intent requires "proper"
3  exhaustion, a prisoner does not satisfy the PLRA's administrative grievance process if he files an
4  untimely or procedurally defective grievance or appeal. Woodford, 548 U.S. at 93.  A prisoner
5  need not plead or prove exhaustion. Instead, it is an affirmative defense that must be proved by
6  defendant. Jones v. Bock, 549 U.S. 199, 211 (2007).  A prison's internal grievance process, not
7  the PLRA, determines whether the grievance satisfies the PLRA exhaustion requirement. Id. at
8  218.  However, courts may dismiss a claim if failure to exhaust is clear on the face of the
9  complaint. See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).

10  The California prison grievance system has two levels of review. Cal. Code Regs. tit. 15,
11  §§ 3483, 3485. "Completion of the review process by the Institutional or Regional Office of
12  Grievances resulting in a decision of 'identified as staff misconduct,' 'pending legal matter,' or
13  'time expired' in accordance with subsections (g)(8) through (g)(10) of [ ] section [3483] does
14  constitute exhaustion of all administrative remedies available to a claimant within the
15  department." Cal. Code Regs. tit. 15, § 3483(l)(2). Additionally, "[c]ompletion of the review
16  process by the Office of Appeals resulting in a decision of 'denied,' 'granted,' 'no jurisdiction,'
17  'identified as staff misconduct,' 'pending legal matter,' or 'time expired' in accordance with
18  subsections (g)(1) through (g)(3) and (g)(8) through (g)(10) of [ ] section 3485 constitutes
19  exhaustion of all administrative remedies available to a claimant within the department." Cal.
20  Code Regs. tit. 15, § 3485(l)(1).

21  In general, failure to exhaust is an affirmative defense that the defendant must plead and
22  prove. Jones, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is
23  clear on the face of the complaint. See Albino, 747 F.3d at 1166.  Here, it appears clear on the
24  face of his complaint that Plaintiff has failed to exhaust administrative remedies prior to filing suit
25  as he admits the process is not complete as to Claims II and III.  Thus, if Plaintiff files an
26  amended complaint, he must indicate whether he has exhausted his administrative remedies.  If he
27  has not, he should allege why, if at all, this action should proceed. See Jones, 549 U.S. at 223-24;
28  Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005) (If a court concludes that a prisoner

failed to exhaust his available administrative remedies before filing a civil rights action, the proper remedy is dismissal without prejudice).

### B.     Linkage Requirement

Prisoners may bring claims under 42 U.S.C. § 1983 for violations of constitutional or other federal rights by persons acting "under color of state law." To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Rizzo v. Goode, 423 U.S. 362, 373–75 (1976). The Ninth Circuit has held that a person may be liable under section 1983 for an affirmative act, participation in another's affirmative acts, or omission of an act that he is legally required to do, causing the deprivation of a constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678–79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Under § 1983, the plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cnty., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). Liability may not be imposed on supervisory personnel under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77. Supervisory personnel may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff names several defendants and refers to "Defendants" collectively.  However, Plaintiff fails to link each individual named Defendant to an affirmative act or omission giving rise to his alleged constitutional violation.  Plaintiff thus fails to state a claim against any of the other Defendants.

///

///

### C. Conditions of Confinement/Retaliation

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,' " and (2) "the prison official 'acted with deliberate indifference in doing so.' " Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. Farmer v. Brennan, 511 U.S. 825, 847 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Here, Plaintiff merely alleges in conclusory and vague terms that staff at SATF spit and put laxatives in his food. As an initial matter, Plaintiff fails to link any individual Defendant to a specific violation of Plaintiff's rights under the Eighth Amendment. In addition, Plaintiff's claim lacks factual support to determine whether it can rise to the level of a constitutional violation. See, e.g., LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993); Islam v. Jackson, 782 F. Supp. 1111, 1114-15 (E.D. Va. 1992) (serving one meal contaminated with maggots and meals under unsanitary conditions for thirteen days was not cruel and unusual punishment, even though inmate suffered symptoms of food poisoning on one occasion); Willard v. Cal. Dep't of Corr. & Rehab., No. 19cv1074-AWI-SAB (PC) (E.D. Cal. Oct. 29, 2019) (isolated and sporadic claims of contaminated food insufficient to state a claim under the Eighth Amendment); Johnson v. Dickinson, No. CV 14-3390-VBF (SP) (C.D. Cal. Mar. 30, 2017) (single, isolated occurrence, in which plaintiff neither ate the food nor suffered injury from it insufficient to state Eighth Amendment claim); Bennett v. Misner, No. Civ. 02-1662-HA(D. Or. Sept. 17, 2004) ("Neither isolated instances of food poisoning, temporary lapses in sanitary food service, nor service of meals contaminated with maggots are sufficiently serious to constitute an Eighth Amendment violation"). Accordingly, Plaintiff fails to

state a cognizable claim for relief.

**D.     Personal Property**

However, such an action is barred because California provides state prisoners adequate post-deprivation remedies through the Government Claims Act to satisfy the due process clause. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (finding that "a negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (holding that California has an adequate post-deprivation remedy through the Government Claims Act process).  Accordingly, Plaintiff cannot state a constitutional claim based on the taking and destruction of his property.

**E.     Mail**

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)). Nevertheless, prisons may adopt regulations that impinge on an inmate's First Amendment rights if those regulations are reasonably related to legitimate penological interests. Id. (citing Turner v. Safley, 482 U.S. 78, 89 (1987)).  Prison officials may inspect non-legal mail for contraband without violating a prisoner's constitutional rights. See Ullrich v. Canyon Cnty. Detention Ctr., 84 Fed. Appx. 752, 755 (9th Cir. 2003) (prison policy of inspecting all outgoing and incoming mail except legal mail was based on legitimate penological interests).  Legal mail may be opened and inspected only in the prisoner's presence. See Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974); Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017).

Here, Plaintiff alleges that his mail, including money orders and letters from family and friends were ripped up and thrown away.  (ECF No. 1 at 5.)  Based on the limited facts in the complaint, it is unclear whether Plaintiff can state a cognizable claim based on his allegation that his mail was ripped up and thrown away.  Isolated incidents of mail interference without any evidence of improper motive or resulting interference with the right to counsel or access to the courts do not give rise to a constitutional violation. See Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (temporary delay or isolated incident of delay of mail does not violate a prisoner's

1  First Amendment rights); see also Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003) (isolated
2  incident of mail tampering usually insufficient to state claim).  In order to state a First
3  Amendment claim of mail interference under § 1983, Plaintiff must link each individual
4  Defendant and allege specific facts showing that the Defendant's actions of ripping you and/or
5  throwing Plaintiff's mail amounted to more than an isolated incident of mail interference.
6  Accordingly, Plaintiff fails to state a cognizable claim for relief.

## IV.

### FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

Here, the Court screened Plaintiff's complaint, and on March 26, 2025, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within thirty days.  (ECF No. 8.)  Plaintiff did not file an amended complaint or otherwise respond to the Court's March 26, 2025 order.  Therefore, on May 5, 2025, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed.  (ECF No. 9.)  Plaintiff failed to respond to the May 5, 2025 order and the time to do so has passed.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and

failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint within thirty days of March 26, 2025 and has not done so. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

///

1          Finally, a court's warning to a party that their failure to obey the court's order will result
2  in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262;
3  Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's March 26 , 2025, order
4  requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an
5  amended complaint in compliance with this order, the Court will recommend to a district judge that
6  this action be dismissed consistent with the reasons stated in this order." (ECF No. 8, at 8.) In
7  addition, the Court's May 5, 2025, order to show cause specifically stated: "Plaintiff's failure to
8  comply with this order will result in a recommendation to dismiss the action for the reasons stated
9  above." (ECF No. 9.) Thus, Plaintiff had adequate warning that dismissal would result from his
10 noncompliance with the Court's orders.

## V.

## ORDER AND RECOMMENDATIONS

13         The Court has screened Plaintiff's complaint and directed Plaintiff to file an amended
14 complaint within thirty days. Plaintiff has failed to comply with the Court's order to file an
15 amended and has not responded to the Court's order to show why the action should not be
16 dismissed. In considering the factors to determine if this action should be dismissed, the Court
17 finds that this action should be dismissed for Plaintiff's failure to obey the March 26, 2025 and
18 May 5, 2025 orders, failure to prosecute this action, and failure to state a cognizable claim for relief.
19         Accordingly, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a
20 District Judge to this action.
21         Further, it is HEREBY RECOMMENDED that this action be dismissed for Plaintiff's
22 failure to comply with a court orders, failure to prosecute, and failure to state a cognizable claim
23 for relief.
24         These Findings and Recommendations will be submitted to the United States District
25 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen**
26 **(14) days** after being served with these Findings and Recommendations, Plaintiff may file written
27 objections with the Court, limited to 15 pages in length, including exhibits. The document should
28 be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is

advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 30, 2025**

STANLEY A. BOONE
United States Magistrate Judge