UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| KEENAN DWAYNE DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KEN CLARK, et al.,<br><br>　　　　　Defendants. | Case No. 1:25-cv-0229 JLT SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITH PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Doc. 11) |
|---|---|

　　　　Keenan Dwayne Davis seeks to hold the defendants liable for violations of his civil rights at the Substance Abuse Treatment Facility and State Prison, Corcoran. (*See* Doc. 1.) The magistrate judge screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and found Plaintiff failed to state a cognizable claim upon which relief may be granted. (Doc. 8.) The Court provided the relevant legal standards and granted Plaintiff an opportunity to file an amended complaint. (*See id.*) The Court also informed Plaintiff that failure to file an amended complaint would result in a recommendation of dismissal. (*Id.* at 8.) Plaintiff failed to file an amended complaint or otherwise respond to the Court. The magistrate judge ordered Plaintiff to show cause why the action should not be dismissed. (Doc. 9.) Again, Plaintiff failed to respond to Court.

　　　　The magistrate judge then recommended the Court dismiss the action. (Doc. 11.) In doing so, the magistrate judge reiterated the findings that Plaintiff failed to state a cognizable claim. (*Id.* at 3-8.) The magistrate judge also found Plaintiff failed to comply with the Court's

screening order and failed to prosecute the action. (*Id.* at 8.) The magistrate judge considered the factors identified by the Ninth Circuit in *Carey v. King,* 856 F.2d 1439, 1440-41 (9th Cir. 1988), and found terminating sanctions are appropriate for Plaintiff's inaction. (*Id.* at 10-11.) Therefore, the magistrate judge recommended the Court dismiss the action for Plaintiff's failure to state a claim, failure to obey the Court's orders, and failure to prosecute. (*Id.* at 11.)

The Court served the Findings and Recommendations on Plaintiff and notified him that any objections were due within 14 days. (Doc. 11 at 11.) The Court advised him that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.* at 12, quoting *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Plaintiff did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on May 30, 2025 (Doc. 11) are **ADOPTED** in full.
2. This action is **DISMISSED** with prejudice for Plaintiff's failure to state a claim, failure to prosecute, and failure to obey the Court's order.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**June 23, 2025**__                                   _____
                                                                UNITED STATES DISTRICT JUDGE

2